



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 8, 2024**

*Mark X. Mullin*

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | |
| EVE FINANCIAL, INC., | § | Case No. 23-43335-mxm |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | Subchapter V |

---

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION AS MODIFIED

---

On May 6, 2024, the Court conducted a hearing on the confirmation of the First Amended Subchapter V Plan of Reorganization as Modified dated May 3, 2024 ("Plan") (Docket No. 122) filed by Eve Financial, Inc. ("Debtor" or "Eve"). A copy of the Plan with exhibits and amendments thereto is attached as Exhibit A. This Court having considered the testimony and evidence presented and reviewed the Plan and, it appearing to the Court that the notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation have been adequate and appropriate as to all parties affected or to be affected

by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Court, in addition to the findings of fact and conclusions of law set forth by the Court in its oral ruling on the record at the hearing on May 6, 2024, hereby FINDS, ADJUDGES, AND DECREES THAT[1]:

## I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   JURISDICTION AND VENUE.

1.      The Debtor commenced this chapter 11 case (the "Chapter 11 Case") on November 1, 2023 (the "Petition Date") by filing voluntary petitions for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Venue in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during the Chapter 11 Cases. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.   ELIGIBILITY FOR RELIEF.

2.      The Debtor is an entity eligible for relief under § 109 and Subchapter V of Chapter 11 of the Bankruptcy Code.

---

[1] All capitalized terms used in this Confirmation Order shall have the meanings as defined in section 1.01 of the Plan unless such terms are otherwise defined in this Confirmation Order.

**C.**    **JUDICIAL NOTICE.**

3.    The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Chapter 11 case maintained by the clerk of the applicable court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the applicable court during the pendency of the Chapter 11 case.

**D.**    **TRANSMITTAL AND MAILING OF MATERIALS; NOTICE.**

4.    Due, adequate, and sufficient notice of the Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, has been given and no other or further notice is or shall be required.

**E.**    **SOLICITATION.**

5.    Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with § 1126 of the Bankruptcy Code, Bankruptcy Rule 3018, and all other applicable provisions of the Bankruptcy Code. Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

**F.**    **VOTING CERTIFICATION.**

6.    The tabulation of the ballots was conducted in accordance with the Bankruptcy Code. As evidenced by the Ballot Summary filed by the Debtor, two voting classes of creditors voted to accept the Plan, the remaining creditor classes have been provided their statutorily prescribed treatment under § 1129(a)(9)(C) and (D) of the Bankruptcy Code in the Plan and have not voted to reject and have not objected to the Plan.

**G.**    **COMPLIANCE WITH THE REQUIREMENTS OF § 1129 OF THE BANKRUPTCY CODE.**

7.    A plan proponent has the burden to prove the requirements for confirmation by

a preponderance of the evidence. Here, the Debtor has satisfied its burden of proof with respect to confirmation of the Plan.

### (i)  SECTION 1129(a)

8.  The Plan (with any modifications as set forth below) and the Debtor have satisfied all applicable requirements for confirmation of the Plan under 11 U.S.C. §§ 1129(a)(1)-(14) and (a)(16). The Plan can and should be confirmed under 11 U.S.C. § 1191(a).

### (ii)  SECTION 1129(d)—PRINCIPAL PURPOSE OF THE PLAN IS NOT AVOIDANCE OF TAXES.

9.  No Governmental Unit has requested that the Bankruptcy Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act. As evidenced by its terms, the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of § 1129(d) of the Bankruptcy Code.

### H.  SATISFACTION OF CONFIRMATION REQUIREMENTS.

10.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in § 1129 and Subchapter V of the Bankruptcy Code.

### I.  GOOD FAITH.

11.  The Debtor and its principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

### J.  IMPLEMENTATION.

12.  All documents and agreements necessary to implement the Plan and all other

relevant and necessary documents have been negotiated in good faith, at arm's length, and are in the best interests of the Debtor and the Reorganized Debtor and shall, upon completion of documentation and execution be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

## II. ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

### A. ORDER.

13. This Confirmation Order confirms the Debtor's Plan dated May 3, 2024 (herein "Plan"), and any amendments thereto, as a consensual plan under § 1191(a) of the Bankruptcy Code. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

### B. FINDINGS OF FACT AND CONCLUSIONS OF LAW.

14. The findings of fact and the conclusions of law stated in this Confirmation Order, in addition to the findings of fact and conclusions of law set forth by the Court in its oral ruling on the record at the hearing on May 6, 2024, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

### C. CONFIRMATION OF THE PLAN.

15. The Plan and each of its provisions are confirmed in each and every respect pursuant to §§ 1191 & 1129 of the Bankruptcy Code. The documents referenced in the Plan and

any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtor are authorized and approved as finalized, executed, and delivered. Without further order or authorization of the Bankruptcy Court, the Debtor is authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan. As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

16.     The terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

### D.      NOTICE OF ENTRY OF THE CONFIRMATION ORDER.

17.     In accordance with Bankruptcy Rules 2002 and 3020(c), within three business days of the date of entry of the Confirmation Order, the Debtor shall serve the notice of confirmation, notice of the Effective Date of the Plan and notice of all bar dates and deadlines set forth in the Plan by CM/ECF; United States mail, first class postage prepaid; by hand; or by overnight courier service to all parties having been served with the Confirmation Hearing Notice. Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary. Debtor shall promptly file a certificate of service of the Notice of Confirmation on CM/ECF.

18.     The Notice of Confirmation shall have the effect of an order of the Bankruptcy

Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

19.     Discharges, Releases, and Injunctions. The discharge, releases, and injunctions, moratoriums, limitations of liability, and covenants not to sue set forth in the Plan, are approved and authorized in their entirety.

20.     **EXCEPT AS OTHERWISE PROVIDED IN THIS CONFIRMATION ORDER, THE PLAN, OR BY ORDER OF THE BANKRUPTCY COURT, UPON CONFIRMATION OF THE PLAN (AND FROM AND AFTER THE EFFECTIVE DATE) ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR LIENS AGAINST, OR EQUITY INTERESTS IN, THE DEBTOR OR ITS PROPERTIES ARE PERMANENTLY RESTRAINED AND ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE ESTATE, THE DEBTOR, AND/OR THE REORGANIZED DEBTOR: (A) COMMENCING OR CONTINUING, IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY CLAIM AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR RESPECTIVE ASSETS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING ON ACCOUNT OF ANY CLAIM BY ANY MANNER OR MEANS, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE REORGANIZED DEBTOR OR THE ASSETS, EXCEPT PURSUANT TO AND IN ACCORDANCE WITH THE PLAN; (C) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST EITHER THE ASSETS OR THE REORGANIZED DEBTOR; (D) ASSERTING ANY CONTROL**

**OVER, INTEREST, RIGHTS OR TITLE IN OR TO ANY OF THE ASSETS, EXCEPT AS PROVIDED IN THE PLAN; (E) ASSERTING ANY SETOFF OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE THE REORGANIZED DEBTOR AS ASSIGNEES, EXCEPT UPON LEAVE OF THE BANKRUPTCY COURT OR EXCEPT AS AUTHORIZED BY BANKRUPTCY CODE SECTION 553; AND/OR (F) PERFORMING ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN; PROVIDED, HOWEVER, THAT THIS INJUNCTION SHALL NOT BAR ANY CREDITOR FROM ASSERTING ANY RIGHT GRANTED PURSUANT TO THE PLAN, INCLUDING, BUT NOT LIMTIED TO THE JUDGMENT CREDITOR CLAIM; AND PROVIDED FURTHER, HOWEVER, THAT EACH HOLDER OF A CONTESTED CLAIM SHALL BE ENTITLED TO ENFORCE ITS RIGHTS UNDER THE PLAN, INCLUDING SEEKING ALLOWANCE OF ITS CONTESTED CLAIM PURSUANT TO THE PLAN.**

### E.   BINDING EFFECT.

21.   Notwithstanding Bankruptcy Rules 3020(e), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized Debtor, and any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

22.     The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

### F.     SPECIAL SUBCHAPTER V PROVISIONS.

**Debtor as Disbursing Agent**

23.     The Plan is confirmed pursuant to 11 U.S.C. § 1191(a) as a consensual Plan of Reorganization for the Debtor, thus no disbursing agent is required.

24.     No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Subchapter V Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

25.     On the Effective Date of the Plan, the injunction imposed under the terms of this Plan and Confirmation Order shall apply to any and all pre-petition claims against the Debtor, except that the default provisions of the Plan apply to all creditors, unless the Plan or this Confirmation Order states otherwise. Upon confirmation of the Plan and except as otherwise specifically indicated in the Plan, the Debtor shall be discharged to the extent provided by 11 U.S.C. § 1141. Further, upon confirmation, all property of the estate shall vest in the Debtor or reorganized Debtor.

**Subchapter V Trustee Specific Provisions**

26.     The Subchapter V Trustee shall be discharged from his obligations and duties in this case upon the Debtor filing its notice of substantial confirmation of the Plan as required by 11 U.S.C. § 1183(c)(2).

### G.    MISCELLANEOUS PROVISIONS.

**Provisions Specific to Texas Comptroller**

27.    Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of the Comptroller of Public Accounts (the "Comptroller"): (1) nothing provided in the Plan or Confirmation Order shall affect or impair any statutory or common law setoff rights of the Comptroller in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the Comptroller to pursue any non-debtor third parties for tax debts or claims, and the Comptroller specifically opts out of any third party releases or injunctions, if any; (3) nothing provided in the Plan or Confirmation Order shall be construed to preclude the payment of interest on the Comptroller's administrative expense tax claims; (4) to the extent that interest is payable with respect to any administrative expense, priority or secured tax claim of the Comptroller, the interest rate shall be the statutory interest rate, currently 9.5% per annum; and (5) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and Comptroller may amend their claims at any point.

28.    The Comptroller shall not be required to file any proof of claim, motion, or request for payment to be paid for any administrative claims. The Comptroller and TWC shall not be required to file any proof of claim, motion, or request for payment to be paid for any obligations that arise or have arisen in the ordinary course of the Debtor's business, including all post-petition taxes incurred by the Debtor and/or Reorganized Debtor after the Petition Date. All post-petition taxes owed to the Comptroller shall be paid in full with applicable interest on or before the Effective Date, or as otherwise agreed by the Comptroller. If any post-petition taxes or Administrative Claims owed to the Comptroller are not due on the Effective Date, then such post-

petition taxes or Administrative Claim shall be paid in the ordinary course of business in accordance with applicable law.

29.     All priority tax claims owed to the Texas Comptroller shall be paid in full either (1) on the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty (60) months of the Debtor's bankruptcy petition date, with the first payment due on the Effective Date and every month thereafter on that same day of the month; or (3) as otherwise agreed to by the Comptroller. The Comptroller's priority tax claims shall accrue interest at the statutory rate of interest, currently 9.5% per annum until paid in full.

30.     A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within five (5) days after service of a written notice of default by email to counsel for Debtor at theadden@haywardfirm.com then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured. The Texas Comptroller preserves all available bankruptcy and state law remedies, if any, in the event of default of payment on claims as laid out herein above.

31.     Debtor and/or Reorganized Debtor shall file any delinquent returns due and owing to Texas Comptroller on or before Effective date and stay current on filings thereafter. Notwithstanding anything to the contrary in the Plan or this Order, the Debtor and/or Reorganized Debtor will retain documents for the four-year inspection period set forth in Texas

Tax Code § 111.0041(a) (or for any pending audits, the later of four years or the time any and all claim(s) based on such audit are resolved).

**Reporting Requirements**

32.    Debtor shall file all outstanding Monthly Operating Reports ("MOR"), if any, as well as the last MOR through the effective date on or by the 20th day of the following month.

**Retention of Jurisdiction**

33.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Treatment of Class 2**

34.    Unless, prior to the confirmation hearing, a General Unsecured Creditor opted to received common equity in the Debtor under Class 2 of the Plan, then each such General Unsecured Creditor shall be entitled to the pro-rata share of payments from the Unsecured Creditor Fund.

**Plan Specific Provisions in Cash Collateral Order Effective**

35.     Any provisions of the Agreed Final Order Granting Debtor's Amended Motion for Final Authority for the Debtor to Use Cash Collateral and Granting Related Relief (the "Cash Collateral Order") (Docket No. 108) that was, under such Cash Collateral Order, to be effective and binding only upon confirmation of the Debtor's Plan is hereafter effective and binding including, but not necessarily limited to, the binding effect on Jason Subotky, individually and in his capacity as Trustee for the Jason Subotky Family Remainder Trust, Stephen Yacktman, individually and in his capacity as Trustee for the Stephen Yacktman Family Remainder Trust and the Ellyn Yacktman Family Remainder Trust, and Ellyn Yacktman, individually of the stipulations and admissions contained in paragraph A of the Cash Collateral Order.

## H.    FINAL CONFIRMATION ORDER.

36.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

## I.    THE JUDGMENT CREDITORS.

37.    The settlement contained in Section 7.03 of the Plan is approved and Section 7.03 of the Plan is incorporated into this Order.

38.    As of the Petition Date, the Judgment Creditors have an Allowed Claim in the amount of the Judgment Creditor Claim. In the event of an uncured Default by the Debtor under Section 7.03 of the Plan, the Bankruptcy Court may issue a separate money judgment in the amount of the Judgment Creditor Claim, less any previous Judgment Creditor Payments made. The Bankruptcy Court may issue all writs and processes for the enforcement and collection of the Judgment Creditor Claim or costs, as necessary. The Judgment Creditor Claim will be non-dischargeable in any future bankruptcy proceeding. As long as the Debtor performs on its obligations to the Judgment Creditors as set forth in the Plan, the Judgment Creditors shall refrain from taking any collection action against the Debtor on account of the Judgment Creditor Claim, as set forth in the Plan.

39.    The Bankruptcy Court retains jurisdiction to determine whether or not there has been a Default under the Plan.

40.    The Bankruptcy Court may direct the Debtor, Isaac Freckleton and Dustin Freckleton and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required by the Plan and to perform any other act.

41.    This Bankruptcy Court shall retain jurisdiction to enforce the terms of the Plan and enforce the Judgment Creditor Claim. The Bankruptcy Court finds and concludes that the

Bankruptcy Court's retention of jurisdiction as set forth herein and in the Plan comports with 28 U.S.C. Sections 157 and 1334. Consequently, the Bankruptcy Court may properly retain jurisdiction over the matters set forth herein and in the Plan.

42. The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising in, arising under, and related to, the Bankruptcy Case, including the matters set forth in the Plan and section 1142 of the Bankruptcy Code. Without limitation as to the generality of the preceding sentence, the Court retains exclusive jurisdiction (a) to interpret and enforce this Order and the Plan; (b) to enforce the provisions of this Order and the Plan; (c) to resolve any disputes arising under or related to this Order or the Plan; and (d) over all transactions contemplated in this Order and the Plan.

**IT IS SO ORDERED.**

**# # # END OF ORDER # # #**

*Prepared By:*

**HAYWARD PLLC**

By: /s/*Charlie Shelton*
Charlie Shelton
Texas Bar No: 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

*Counsel for Eve Financial, Inc.*

*Agreed as to form:*

*/s/Elizabeth A. Young [e-signed with permission]*
Elizabeth A. Young
Texas Bar No. 24086345
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
(214) 767-1247 (Phone)
Elizabeth.a.young@usdoj.gov

*Attorneys for the United States Trustee*

*-and-*

*/s/ Stephen M. Blank [e-signed with permission]*
Stephen M. Blank
**ALSTON & BIRD LLP**
90 Park Avenue
New York, New York 10016
Office: 212-210-9400
Fax: 212-210-9444

*Counsel for Encina Lender Finance, LLC*

*-and-*

*/s/ Annmarie Chiarello [e-signed with permission]*
Annmarie Chiarello
Texas Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201
(214) 745-5400 (Phone)
achiarello@winstead.com

*Attorneys for Jason Subotky, Individually and in
his Capacity as Trustee for the Jason Subotky Family
Remainder Trust, Stephen Yacktman, Individually and in
His Capacity as Trustee for the Stephen Yacktman Family
Remainder Trust and the Ellyn Yacktman Family Remainder
Trust, and Ellyn Yacktman, Individually*